UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA D. REYNOSO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-01059 |
| | § | |
| WELLS FARGO BANK, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court in the above-referenced cause are Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and DIBS US, INC.'s ("DIBS") Motions to Dismiss. Docs. 19, 25. The remaining Defendants, Diaz Holding, LLC and Elvia Diaz, have not been served, and do not participate in the pending Motions. Because the state record indicates that summons have not been issued for their service of process Diaz holding, LLC and Elvia Diaz will be dismissed for want of prosecution.

Plaintiff, Maria D. Reynoso, has not filed a response to either of Defendants' motions to dismiss. Therefore, pursuant to Local Rule 7.4, the Motions are deemed unopposed. Having considered Defendants' Motions, the facts in the record, and the applicable law, the Court concludes that the Motions should be granted and Plaintiff's case dismissed without prejudice to refiling to correct deficiencies in the pleadings.

**I. Background**

As alleged in her Original Petition, filed on March 10, 2016, in the 165th Judicial District Court in Harris County, Texas, Plaintiff files this lawsuit to challenge the foreclosure of the sale of real property located at 6610 Bellaire Gardens, Houston, Texas 77072 (the "Property"). Doc. 1-5. Plaintiff purchased the Property on or about February 28, 2001. *Id.* ¶ 8. Plaintiff began to

have financial problems in 2011 and allegedly reached out to Wells Fargo for assistance, but no assistance was offered. *Id.* ¶ 9. As a result, on August 1, 2011, Plaintiff filed for bankruptcy. *Id.* ¶ 10. During the bankruptcy, Plaintiff paid $34,492.34 to Wells Fargo in an attempt to keep her home. *Id.*

On August 18, 2014, Plaintiff's bankruptcy was dismissed. *Id.* Plaintiff alleges that after the bankruptcy she attempted to make her monthly payments, but Wells Fargo refused to accept them. *Id.* ¶ 11. Plaintiff then submitted an application for a loan modification. *Id.* ¶ 12. Plaintiff claims that before she received a response on the modification application she received another Trustee Notice of Foreclosure Sale. *Id.* ¶ 13. On November 3, 2015, Wells Fargo followed through with the foreclosure and sold the subject property to DIBS for $106,000. *Id.* ¶ 17.

On January 11, 2016, DIBS filed a forcible detainer to remove Plaintiff from the Property. *Id.* ¶ 18. The Justice Court granted judgment in favor of DIBS. *Id*. Plaintiff then filed an appeal of the eviction judgment. *Id.* ¶ 19.

On February 21, 2016, Plaintiff filed her Original Petition in this matter and on April 21, 2016, Wells Fargo removed the state-court action to federal court on the basis of federal-question jurisdiction. Doc. 1 ¶ 12. Specifically, Plaintiff alleges Wells Fargo violated 12 C.F.R. § 1024.39.[1] Accordingly, under 28 U.S.C. 1367, the Court has supplemental jurisdiction over the remaining state-law claims.

Defendants subsequently filed their Motions to Dismiss. Docs. 19, 25. In their Motions, Defendants maintain that Plaintiff fails to sufficiently plead her cause of action either because necessary elements are omitted, or because she does not plead sufficient facts to support each

---

[1] "Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located." 12 U.S.C. § 2614.

claim. Docs. 19, 25. Plaintiff did not file a response. The Motions are now ripe for adjudication.

## II. Legal Standard

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint, viewed in the light most favorable to the plaintiff, must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While a court must accept all of plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III. Discussion

In her Original Petition, Plaintiff asserts the following claims against Wells Fargo: unfair collection practices under the Texas Debt Collection Act ("TDCA"), Tex. Fin Code §§ 392.001–392.404, deceptive trade practices under the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code §§ 17.41–17.955, estoppel, breach-of-contract, violation of consumer protection laws, and wrongful foreclosure. Doc. 1-5 ¶¶ 22, 26, 29, 43, 44, 48, 50. Plaintiff also asserts her claims of unfair-collection and deceptive-trade practices against DIBS. *Id*. ¶¶ 22, 29.

### A. *Texas Debt Collection Act Claims*

The TDCA prohibits debt collectors from using threats, coercion, or other wrongful practices in the collection of consumer debts. *See Gomez v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0381-B, 2010 WL 2900351, at *3 (N.D. Tex. July 21, 2010); *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). To state a claim under the TDCA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of

the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. *See Carey v. Fargo*, No. CV H-15-1666, 2016 WL 4246997, at *4 (S.D. Tex. Aug. 11, 2016). Here, Plaintiff alleges that Wells Fargo and DIBS violated §§ 392.304(a)(8), 392.303(a)(2), and 392.304(a)(19) of the TDCA. Doc. 1-5 ¶¶ 24b-c, 25a-e. The Court will address each alleged violation in turn.

**(1) Section 392.304(a)(8)**

Section 392.304(a)(8) prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt." Tex. Fin. Code § 392.304(a)(8). To state a claim for violation of § 392.304(a)(8), Plaintiff must show that the debt collector "made a misrepresentation that led [her] to be unaware (1) that [she] had a mortgage debt, (2) of the specific amount [she] owed, or (3) that [she] had defaulted." *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)). A misrepresentation is "an affirmative statement" by the debt collector that is "false or misleading." *Robinson v. Wells Fargo Bank, N.A.*, 576 Fed. App'x 358, 363 (5th Cir. 2014) (per curiam) (unpublished) (citing *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 Fed. App'x 253, 257 (5th Cir. 2013)).

Here, Plaintiff does not allege that any purported misrepresentations caused her to believe that she: (1) did not have a mortgage debt, (2) of the specific amount owed; or (3) she had not defaulted. *Miller*, 726 F.3d at 723. Rather, Plaintiff provides statements that are conclusory in nature, as they merely allege that the collection of attorney and inspection fees was unnecessary, the property was sold at below market value, and Wells Fargo failed to send Plaintiff the surplus funds after foreclosure. Doc. 1-5 ¶ 25b-e. Plaintiff makes no allegations related to a

misrepresentation of the debt owed by Wells Fargo. Furthermore, Plaintiff makes no allegation whatsoever in regards to DIBS. Therefore, Plaintiff fails to state a claim under §392.304(a)(8) of the TDCA against either Wells Fargo or DIBS.

### (2) Section 392.303(a)(2)

Section 392.303(a)(2) prohibits using unfair or unconscionable means in debt collection such as "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless [the fee] is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Tex. Fin. Code § 392.303(a)(2). Section 392.303(a)(2) "does not create a cause of action to challenge assessed fees as unreasonable." *Rucker*, 806 F.3d at 832.

Although reference to § 392.303(a)(2) is made in the Original Petition, Plaintiff fails to allege any facts in support of Wells Fargo or DIBS' violation of § 392.303(a)(2). *See* Doc. 1-5 ¶ 25b. In this regard, Plaintiff fails to: (1) identify the fee that is the subject of the claim; (2) allege that the fee was not expressly authorized by the agreement creating the obligation; and (3) describe the unfair or unconscionable means by which the fee was collected or attempted to be collected. *See generally* Doc. 1-5 ¶¶ 24c, 25. Accordingly, Plaintiff fails to state a claim under § 392.303(a)(2) of the TDCA.

### (3) Section 392.304(a)(19)

Section 392.304(a)(19) prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code § 392.304(a)(19). "To maintain a claim under section 392.304(a)(19), [the plaintiff] would need to allege that [the defendant] made an 'affirmative statement' that was false or misleading." *Chavez v. Wells Fargo Bank, N.A.*, 578 Fed. App'x 345, 348 (5th Cir.

2014) (citing *Verdin*, 540 Fed. App'x at 257).

Although § 392.304(a)(19) "appears to be a catch-all, or residual, provision for proceeding under the TDCA," *Miller*, 726 F.3d at 724, here, Plaintiff fails to allege that Wells Fargo made any affirmative statements that were false or misleading, *see generally* Doc. 1-5. "Such a pleading is not sufficient to overcome dismissal under Rule 12(b)(6)." *Miller*, 726 F.3d at 724. Plaintiff, thus, has not stated a claim upon which relief may be granted under § 392.304(a)(19).

**B.** *Texas Deceptive Trade Practices Act Claims*

The elements of a cause of action under the DTPA are: "(1) the plaintiff is a consumer; (2) the defendant committed acts 'in connection with the purchase or lease of any goods or services'; (3) the defendant's acts were false, misleading or deceptive; and (4) the acts were a producing cause of plaintiff's injuries." *Cushman v. GC Servs., L.P.*, 657 F. Supp. 2d 834, 842 (S.D. Tex. 2009), *aff'd sub nom*. *Cushman v. GC Servs., L.P.*, 397 Fed. App'x 24 (5th Cir. 2010) (per curiam) (unpublished). To qualify as a consumer under the DTPA, "the person must seek or acquire goods or services by purchase or lease," and "the goods or services purchased or leased must form the basis of the complaint." *Miller*, 726 F.3d at 724–25. "Generally, a pure loan transaction lies outside the DTPA because money is considered to be neither a good nor a service." *Id.* at 725. However, "a mortgagor qualifies as a consumer under the DTPA if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Id*. "Subsequent actions related to mortgage accounts, for example, extensions of further credit or modifications of the original loan, do not satisfy the 'good or services' element of the DTPA.'" *Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *4 (N.D. Tex. Apr. 13, 2011) (*citing Cuevas v. BAC Home Loans*

*Servicing, LP*, No. 4:10-CV-31, 2012 WL 4339063, at *4 (S.D. Tex. Sept. 19, 2012)). Furthermore, "the Texas Supreme Court has firmly established that a lawful foreclosure on a security interest does not violate the DTPA." *Id.* (citing *Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 333 (Tex. 1983)).

In the present case, the basis of Plaintiff's complaint is Wells Fargo's alleged failure to give Plaintiff a modification and Wells Fargo's subsequent "rush" for foreclosure that did not involve Plaintiff acquiring a good or service by purchase or lease. *See Leon v. Citimortgage, Inc.*, No. 14-CV-001334, 2014 WL 12616136, at *2 (S.D. Tex. Aug. 5, 2014) ("[T]he allegations in the original petition establish that Plaintiff is not a consumer under the DTPA, as the basis of Plaintiff's complaint—discussions about loan modification programs, and the Defendant's subsequent move for foreclosure—did not involve Plaintiff acquiring a good or service by purchase or lease." (citation omitted)). Rather, Plaintiff seeks to hold Wells Fargo liable for its actions in servicing the loan, and thus the basis of the complaint is the loan and not the property. Because Plaintiff only has consumer status to the extent that her complaint deals with the property, not the loan itself, Plaintiff's DTPA has not pled a proper consumer claim under the DTPA and her claim must be dismissed. *See Thomas v. Ocwen Loan Servicing, LLC*, No. CIV.A. H:12-3497, 2013 WL 3245953, at *2–3 (S.D. Tex. June 25, 2013).

### C. *Estoppel Claim*

Plaintiff asserts an equitable estoppel claim alleging that Wells Fargo is barred from foreclosing because it accepted a financial accommodation during the bankruptcy proceedings. Doc. 1-5 ¶ 28. Plaintiff also alleges that Wells Fargo failed to properly account for funds received during the bankruptcy proceeding. *Id.* Equitable estoppel is generally, however, an "affirmative defense, not an affirmative claim for relief." *Knapik v. BAC Home Loans Servicing,*

*LP*, 825 F. Supp. 2d 869, 871–72 (S.D. Tex. 2011). Equitable estoppel has been used "to prevent an opponent from pleading limitations, if the opponent, his agent, or representatives make representations which induce the plaintiff to delay filing suit within the applicable limitations period." *Cook v. Smith*, 673 S.W.2d 235 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). In the present case, Defendant is not asserting a statute-of-limitations defense. As such, Plaintiff's estoppel claim fails to state a claim for relief.

### D. *Breach-of-Contract Claim*

Plaintiff next alleges that Wells Fargo breached its Deed of Trust by failing to prove it had standing to foreclose and for failing to provide notice of her right to cure in violation of Texas Property Code § 51.002(d). Doc. 1-5 ¶¶ 40, 42. Wells Fargo contends that in order to recover for breach of contract a plaintiff must establish first that there is a valid, enforceable contract; second that the plaintiff performed or tendered performance of its contractual obligations; third, that the defendant breached the contract, and fourth the defendant's breach caused plaintiff's injury. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W. 3d 443, 450 (Tex. App.—Houston [14[th] Dist.] 2005, pet. denied).

"[A] party to a contract cannot enforce it or recover damages for its breach unless that party shows that he or she. . .has performed the obligations imposed upon him. . .or unless the party shows some valid excuse for failure to perform." *Carr v. Norstok Bldg. Sys.,* 767 S.W. 2d 936, 939 (Tex. App.—Beaumont 1989, no writ. Plaintiff has failed to plead that she performed her obligations under the contract when she defaulted on her loan. Plaintiff's claim of breach of contract fails.

### E. *Consumer Financial Protection Act Claim*

Section 1024.39 of the Code of Federal Regulations requires a servicer to "establish or

make good faith efforts to establish live contact with a delinquent borrower not later than the 36th day of the borrower's delinquency and, promptly after establishing live contact, inform such borrower about the availability of loss mitigation options if appropriate." 12 C.F.R. § 1024.39(a). Wells Fargo argues that Plaintiff fails to allege more than the mere possibility of misconduct. Doc. 19 at 13.

Here, Plaintiff merely states that Wells Fargo "failed to disclose all loss mitigation options available to Plaintiff and they failed to disclose the reason for any denial of Plaintiff's application." Doc. 1-5 ¶ 45. However, Plaintiff does not provide facts demonstrating which loss mitigations Wells Fargo failed to disclose. "Simply cit[ing] these extensive regulations without stating how [the defendant] allegedly violated them" is insufficient to state a claim. *Ghanem v. Nationstar Mortg., LLC*, No. CIV.A. H-14-3091, 2015 WL 1932046, at *4–5 (S.D. Tex. Apr. 28, 2015) (citing *Iqbal*, 556 U.S. at 678). Accordingly, Plaintiff fails to allege adequate facts to support her claim that Wells Fargo violated 12 C.F.R. § 1024.39, and her claim must be dismissed.

### F. *Wrongful-Foreclosure Claim*

Under Texas law, to state a claim for wrongful foreclosure a plaintiff must show (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat. Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). There must be allegations of fact that an irregularity "must have caused or contributed to cause the property to be sold for a grossly inadequate price." *Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 WL 2886250, at*5 (S.D. Tex. Jan. 24, 2013) Plaintiff here

makes no such allegations. Rather she alleges in her Original Petition (Doc. 1-5 at ¶48) "There was a defect in the foreclosure procedure when Wells Fargo Bank N.A. failed to send the required certified notice of the Texas Property Code under section 51.002(d)." Because recovery for wrongful foreclosure, however, "is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure." *Baker v. Countrywide Home Loans, Inc.*, No. 3:08–CV–0916–B, 2009 WL 1810336, *4 (N.D. Tex. June 24, 2009). Thus, courts in Texas "do not recognize an action for attempted wrongful foreclosure." *Id. See also, e.g.*, *Sander v. Citimortgage, Inc.*, Civ. A. No. 4:09CV566, 2011 WL 1790732, *2 (E.D. Tex. Mar. 24, 2001) ("[I]ndividuals never losing possession of th[e] property cannot recover on a theory of wrongful foreclosure."). In the present case, Plaintiff has not lost possession of the Property. Doc. 1-5 ¶ 1. Moreover, under Texas law in order to set aside, cancel, and rescind a foreclosure sale, a borrower is required to tender the full amount due under the note. *Lambert v. First Nat'l Bank of Bowie*, 993 S.W. 2d 833, 835-36 (Tex. App.—Fort Worth 1999, pet. denied). Thus, Plaintiff's allegations of wrongful foreclosure, for inadequate notice, or any other reason, must be dismissed.

G. *Amendment*

Defendants request dismissal of all claims with prejudice. Doc. 19 at 16; 25 at 3. However, when a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will

avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.")). The court should only deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face. 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (2d. ed. 1990); *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 994 (S.D. Tex. 2011). Some of the claims in the present case are not clearly frivolous nor do they appear to be legally insufficient on their face. Plaintiff should be given at least one chance to amend her complaint under Rule 15(a) before her claims are dismissed with prejudice.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motions to Dismiss, Docs. 19, 25, are **GRANTED** It is further

**ORDERED** that Plaintiff is granted twenty-one (21) days to amend her Complaint to correct the deficiencies noted herein. Failure to do so will result in the dismissal of her deficient claims with prejudice.

SIGNED at Houston, Texas, this 26th day of September, 2017.

                                        MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE